Maurice JOHNSON, Plaintiff,

v.

Michael LANE, et al., Defendants.

No. 83 C 9404.

United States District Court,
N.D. Illinois, E.D.

Oct. 29, 1984.

Maurice Johnson, pro se.

Neil F. Hartigan, Atty. Gen. by Kevin Patrick Connor, Asst. Atty. Gen., State of Ill., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff, formerly incarcerated at Stateville Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff charges six prison employees with violation of his constitutional rights in connection with the issuance of an order disapproving plaintiff's wife and another individual as visitors. Plaintiff alleges that defendants' conduct was racially motivated. Before the Court is the motion to dismiss of Michael P. Lane, Director of the Illinois Department of Corrections, and Richard DeRobertis, Warden of Stateville Correctional Center during the period in which plaintiff's claims arose.[1] For the reasons set forth herein, the motion is granted.

 In order for liability to arise under 42 U.S.C. § 1983, a plaintiff must establish a defendant's direct personal responsibility for the claimed deprivation of a constitutional right. *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir.1981). In the instant case, plaintiff seeks to hold Lane liable for allegedly unconstitutional visitation restrictions on the ground that Lane is responsible for the actions of his subordinates. But Lane's supervisory responsibility is insufficient to constitute personal involvement and therefore liability will not be imposed vicariously upon a theory of *respondeat superior.* *Id.*

The exhibits plaintiff has submitted in support of his complaint do not cure the defect. It appears from the exhibits that plaintiff provided Lane with copies of grievances plaintiff had filed with the Institutional Inquiry Board and with defendant Assistant Warden Michael O'Leary. That Lane may have been apprised of the claimed misconduct of subordinates does not, however, subject him to personal liability. The Seventh Circuit, in *Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir.1982), rejected such a broad theory of liability that would "hold any well informed Commissioner of Corrections personally liable for damages flowing from *any* constitu-

tional violation occurring at *any* jail within that Commissioner's jurisdiction." *Id.* (Emphasis in original.) The court stated that such a theory of liability would be "inconsistent with the personal responsibility requirement...." *Id.*

Plaintiff likewise has failed to allege sufficiently personal involvement on the part of DeRobertis. Plaintiff merely alleges that DeRobertis was apprised of the matter but failed to intervene. The complaint and exhibits give no indication that DeRobertis participated personally in the challenged actions or that the alleged misconduct occurred at his direction or with his express consent. *See Crowder, supra,* 687 F.2d at 1006. Nothing in the complaint or exhibits suggests that DeRobertis' position in the prison hierarchy imposed upon him a duty to intervene.

Accordingly, the motion to dismiss as to defendants Lane and DeRobertis is granted.

IT IS SO ORDERED.

---

1. The remaining four defendants have filed answers to the complaint.